IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, By and Through Its Board of Trustees; | )<br>)<br>)<br>) |
| and | )<br>) |
| CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of Trustees; | )<br>)<br>)<br>) |
| and | )<br>) |
| CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, By and Through Its Board of Trustees; | )<br>)<br>)<br>) |
| and | )<br>) |
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, SOUTHERN REGION, f/k/a MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS- JOINT APPRENTICESHIP & TRAINING COMMITTEE, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, and CARPENTERS LOCAL 270, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Cause No.:  19-3122 |
| Plaintiffs, | )<br>) |
| MINOR CONSTRUCTION OF | ) |

1

PETERSBURG, INC.,                        )
                                          )
         Defendant.                       )

## COMPLAINT

NOW COME Plaintiffs, by undersigned Counsel, and for their Complaint against Defendant, Minor Construction of Petersburg, Inc., allege as follows:

### Parties

1. Plaintiff Central Illinois Carpenters Health and Welfare Trust Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2. The address of the Welfare Fund, where contributions to the Welfare Fund received and processed, is 200 S. Madigan Drive, Lincoln, Logan County, Illinois, within the jurisdiction of this Court.

3. Plaintiff Carpenters Pension Fund of Illinois (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4. Plaintiff Carpenters Retirement Savings Fund of Illinois (hereinafter "Retirement Savings Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and

515 of ERISA, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The Retirement Savings Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

5. The address of the Pension Fund and Retirement Savings Fund, where contributions to the Pension Fund and Retirement Savings Fund are received and processed, is 28 N. First Street, Suite 1, Geneva, Kane County, Illinois.

6. Together, the Welfare Fund, Pension Fund and Retirement Savings Fund shall be referred to as the "Plaintiff Funds."

7. The Welfare Fund has been duly authorized to act as an agent in the collection of contributions due to the Chicago Regional Council of Carpenters, Southern Region, f/k/a Mid-Central Illinois Regional Council Of Carpenters ("Regional Council"), Mid-Central Illinois Regional Council Of Carpenters- Joint Apprenticeship & Training Committee ("Training Fund"), Central Illinois Builders, Carpenters International Training Fund ("CITF"), Carpenters Labor Management Education & Development Fund ("Development Fund"), Mid-Central Illinois Regional Council Of Carpenters Promotional Fund ("Promotional Fund"), Mid-Central Illinois Joint Labor Management Substance Abuse Testing & Assistance Fund ("Substance Abuse Fund"), and Carpenters Local 270 ("Local 270"), which are collectively-bargained labor organizations, funds, or separate labor-management cooperatives, and to which Defendant agreed to make contributions on behalf of certain of its employees.

8. Defendant Minor Construction of Petersburg, Inc. ("Minor Construction" or "Defendant") is an Illinois corporation. Defendant's address is 17559 Shady Lane, Petersburg, Illinois 62675.

9. Defendant is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

### Jurisdiction and Venue

10. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, in that the Plaintiff Funds' respective Boards of Trustees are fiduciaries who seek to enforce the provisions of the Plaintiff Funds and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), in that the Regional Council, Training Fund, Central Illinois Builders, CITF, Development Fund, Promotional Fund, Substance Abuse Fund and Local 270 are suing for breaches of contract(s) between an employer and a labor organization.

11. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301 of the LMRA, 29 U.S.C. § 185(a).

12. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185.

### Facts Common To All Counts

13. On or about November 7, 2016 Defendant, through its officer and agent Debra Minor, signed a *"Recognition Agreement and Adoption of All Collective Bargaining Agreements to Which the Mid-Central Illinois Regional Council of Carpenters Is a Party"* ("Recognition Agreement"). *See*, **Exhibit A**.

14. Pursuant to **Exhibit A**, Defendant agreed:

> …to be bound by and observe the terms and conditions of all current collective bargaining agreements to which the REGIONAL

4

> COUNCIL is a party, including but not limited to, the REGIONAL COUNCIL's May 1, 2014 to April 30, 2017 Master Agreement titled "Collective Bargaining Agreement between Central Illinois Builders of A.G.C., Builders Association of Tazewell County, and Greater Peoria Constructors and Suppliers Association Inc., and Mid-Central Illinois Regional Council of Carpenters".

*See*, **Exhibit A** (emphasis original).

15. Further pursuant to **Exhibit A**, Defendant agreed…

> to be bound by and observe the terms and conditions of any and all successor agreements negotiated by the REGIONAL COUNCIL covering all employees performing carpentry work, unless the EMPLOYER provides the REGIONAL COUNCIL written notice of its intent to amend or terminate the current collective bargaining agreement or any successor agreement at least sixty (60) days, but not more than ninety (90) days prior to said agreement's expiration date."

*See*, **Exhibit A** (emphasis original).

16. Defendant has never terminated **Exhibit A**, or any collective bargaining agreement(s) referenced in **Exhibit A** ("Agreement(s)") with the Regional Council.

17. ERISA, the Agreement(s), and certain Participation Agreements and Trust Document(s) incorporated into said Agreement(s), require Defendant to pay monetary contributions to the Plaintiff Funds at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the Agreement(s).

18. Signatory employers, including Defendant, are required to submit reports of hours worked and wages paid by their employees by the fifteenth (15th) of each month, related to hours worked and wages paid during the preceding month.

19. ERISA, the Agreement(s) and/or Trust Document(s) and/or policies adopted by the Trustees of the Plaintiff Funds and to which Defendant is bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours,

or payments of contributions due, the contractor shall be liable to the Plaintiff Funds for the contributions due.

20. ERISA, the Agreement(s) and/or Trust Document(s) and/or policies adopted by the Trustees of the Plaintiff Funds and to which Defendant is bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to the Plaintiff Funds for interest and liquidated damages.

21. ERISA, the Agreement(s) and/or Trust Document(s) and/or policies adopted by the Trustees of the Plaintiff Funds and to which Defendant is bound and required to comply, specifically provide that in the event of litigation to collect a delinquency, the Plaintiff Funds are entitled to recover their attorney's fees and costs, including audit costs.

## COUNT I

## AUDIT LIABILITY DUE

## (CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND)

COMES NOW Plaintiff Central Illinois Carpenters Health & Welfare Trust Fund, by undersigned Counsel, and for Count I of its Complaint against Defendant states as follows:

22. Plaintiff Welfare Fund restates and reincorporates paragraphs 1 through 21 of its Complaint, as if fully set forth herein.

23. The Agreement(s) and/or Trust Documents and the policies and procedures adopted by the Welfare Fund's Board of Trustees authorize the Welfare Fund's Board of Trustees to conduct audits of signatory contractors from time to time.

24. Defendant was audited for the period of January 1, 2018 through February 28, 2019. The audit resulted in a finding of delinquent contributions due to the Welfare Fund, and those

funds on whose behalf the Welfare Fund acts as authorized collection agent, in the amount of $67,430.34 ("Welfare Delinquency"). *See,* **Exhibit B**. Subject to payment received, the Welfare Delinquency stands at $52,430.34.

25. Demand has been made upon Defendant for payment of the Welfare Delinquency, but Defendant has unreasonably and improperly failed to do so.

26. Pursuant to § 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(D), the Trust Agreement(s) and the policies and procedures adopted by the Welfare Fund's Board of Trustees, as a result of incurring the Welfare Delinquency, Defendant is liable for interest in the amount of at least $5,223.80, or a greater amount to be proven at trial.

27. Pursuant to § 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), the Trust Agreement(s) and the policies and procedures adopted by the Welfare Fund's Board of Trustees, Defendant is liable for liquidated damages in the amount of $13,486.35.

28. Pursuant to § 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), the Trust Agreement(s) and the policies and procedures adopted by the Welfare Fund's Board of Trustees, Defendant is liable for the audit fee of $1,570.33.

29. Pursuant to § 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), the Trust Agreement(s) and the policies and procedures adopted by the Welfare Fund's Board of Trustees, Defendant is liable for reasonable attorneys' fees and court costs and all other reasonable expenses incurred by Plaintiffs in collection of delinquent contributions and other damages sought herein, in an amount to be proven at trial.

30. Pursuant to § 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E), the Welfare Fund is entitled to "such other legal or equitable relief as the court deems appropriate."

31. Demand has been made upon Defendant for payment of the foregoing amounts, but

Defendant has unreasonably and prejudicially failed and refused to pay the foregoing amounts, all of which are properly due and awarded pursuant to this action.

32.     As a result of Defendant's actions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiff Central Illinois Carpenters Health & Welfare Trust Fund, on its behalf and on behalf of those funds on whose behalf the Welfare Fund acts as authorized collection agent, respectfully prays that the Court:

    A.    Enter Judgment for the Plaintiff Welfare Fund and those funds on whose behalf the Welfare Fund acts as authorized collection agent and against Defendant;

    B.    Enter an Order awarding the Plaintiff Welfare Fund and those funds on whose behalf the Welfare Fund acts as authorized collection agent delinquent contributions in the amount of $52,430.34.

    C.    Enter an Order awarding the Plaintiff Welfare Fund and those funds on whose behalf the Welfare Fund acts as authorized collection agent interest in the amount of $5,223.80, or a greater amount to be proven at trial;

    D.    Enter an Order awarding the Plaintiff Welfare Fund and those funds on whose behalf the Welfare Fund acts as authorized collection agent Liquidated Damages in the amount of $13,486.35;

    E.    Enter an Order awarding the Plaintiff Welfare Fund and those funds on whose behalf the Welfare Fund acts as authorized collection agent audit costs of $1,570.33;

    F.    Enter an Order that Defendant be specifically required to perform and

continue to perform all its obligations to the Plaintiffs;

G. Enter an Order awarding the Plaintiff Welfare Fund and those funds on whose behalf the Welfare Fund acts as authorized collection agent their reasonable attorneys' fees and all costs incurred in the prosecution of this action, in an amount to be proven at trial;

H. Enter an Order awarding the Plaintiff Welfare Fund and those funds on whose behalf the Welfare Fund acts as authorized collection agent their costs;

I. Enter Orders for such further relief as the Court deems just and equitable in the premises.

## COUNT II

## AUDIT LIABILITY DUE

## (CARPENTERS PENSION FUND OF ILLINOIS AND CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS)

COME NOW Plaintiffs, Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, by undersigned Counsel, and for Count II of their Complaint against Defendant, state as follows:

33. Plaintiffs Pension Fund and Retirement Savings Fund restate and reincorporate paragraphs 1 through 32 of their Complaint, as if fully set forth herein.

34. The Agreement(s) and/or Trust Documents and the policies and procedures adopted by the Pension Fund's and Retirement Savings Fund's Boards of Trustees authorize the Pension Fund's and Retirement Savings Fund's Boards of Trustees to conduct audits of signatory contractors from time to time.

35. Defendant was audited by the Pension Fund and Retirement Savings Fund for the period of January 1, 2018 through February 28, 2019. The audit resulted in a finding of delinquent contributions due to the Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois in the amount of $57,181.75 ("Pension and Retirement Savings Delinquency"). *See*, **Exhibit C**. Subject to payment received, the Pension and Retirement Savings Delinquency stands at $42,181.75.

36. Demand has been made upon Defendant for payment of the Pension and Retirement Savings Delinquency, but Defendant has unreasonably and improperly failed to do so.

37. Pursuant to § 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(D), the Trust Agreement(s) and the policies and procedures adopted by the Pension Fund's and Retirement Savings Fund's Board of Trustees, as a result of incurring the Pension and Retirement Savings Delinquency, Defendant is liable for liquidated damages in the amount of at least $4,547.75, or a greater amount to be proven at trial.

38. Pursuant to § 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), the Trust Agreement(s) and the policies and procedures adopted by the Pension Fund's and Retirement Savings Fund's Board of Trustees, Defendant is liable for the *greater* of additional interest, or liquidated damages in an amount to be proven at trial.

39. Pursuant to § 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), the Trust Agreement(s) and the policies and procedures adopted by the Pension Fund's and Retirement Savings Fund's Board of Trustees, Defendant is liable for the audit fee of $1,532.83.

40. Pursuant to § 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), the Trust Agreement(s) and the policies and procedures adopted by the Pension Fund's and Retirement Savings Fund's Board of Trustees, Defendant is liable for reasonable attorneys' fees and court

costs and all other reasonable expenses incurred by Plaintiffs in collection of delinquent contributions and other damages sought herein, in an amount to be proven at trial.

41. Pursuant to § 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E), the Plaintiff Funds are entitled to "such other legal or equitable relief as the court deems appropriate."

42. Demand has been made upon Defendant for payment of the foregoing amounts, but Defendant has unreasonably and prejudicially failed and refused to pay the foregoing amounts, all of which are properly due and awarded pursuant to this action.

43. As a result of Defendant's actions complained of herein, Plaintiffs Pension Fund and Retirement Savings Fund have been harmed.

WHEREFORE, Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois respectfully pray that the Court:

    A. Enter Judgment for Plaintiffs Pension Fund and Retirement Savings Fund and against Defendant;

    B. Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund delinquent contributions in the amount of $42,181.75;

    C. Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund liquidated damages in the amount of $4,547.75;

    D. Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund the greater of Liquidated Damages, or additional interest, in an amount to be proven at trial;

    E. Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund their audit costs of $1,532.83;

    F. Enter an Order that Defendant be specifically required to perform and

continue to perform all its obligations to the Plaintiffs;

G. Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund their reasonable attorneys' fees and all costs incurred in the prosecution of this action, in an amount to be proven at trial;

H. Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund their costs;

I. Enter Orders for such further relief as the Court deems just and equitable in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

/s/ *James R. Kimmey*
JAMES R. KIMMEY, ARDC 6314932
Cavanagh & O'Hara LLP
101 West Vandalia Street, Suite 245
Edwardsville, IL 62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs